UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREG S. LOY,**

      **Plaintiff,**

vs.

      Civil Action 2:09-cv-0307
      Judge John D. Holschuh
      Magistrate Judge E. A. Preston Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (ECF No. 20). Specifically, Plaintiff seeks $3,691.64 for approximately twenty hours of work at this judicial level. Defendant Commissioner of Social Security ("Commissioner") maintains that its position was substantially justified, and, therefore, Plaintiff is not entitled to fees under the Equal Access to Justice Act ("EAJA"). For the following reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Application for Attorney Fees (ECF No. 20).

### I. BACKGROUND

Plaintiff brought this civil action, challenging the October 23, 2008 decision of the Administrative Law Judge ("ALJ") denying disability after October 1, 2005. As described in the June 9, 2010 Report and Recommendation:

> [T]he ALJ found that Plaintiff suffered lumbar degenerative disc disease. As a result of this impairment, Plaintiff was under a disability, from September 30, 2003 through September 30, 2005. The ALJ found medical improvement occurred as of October 1, 2005. From this date, the ALJ found that Plaintiff's claims regarding the intensity of his pain were no longer credible and that

> Plaintiff was no longer disabled.  Accordingly, the ALJ found that, beginning on October 1, 2005, Plaintiff has the residual functional capacity to perform light work, except that he would require a sit/stand option every two hours.  Plaintiff should avoid ladders, ropes, or scaffolds.  He would be limited to occasional (defined as two hours or one-third of an eight-hour day) climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling.  He should avoid all exposure to extreme cold, vibration, and hazards including heights and moving machinery.  Beginning on October 1, 2005, Plaintiff would not be able to perform any past relevant work.  Because the vocational expert testified that Plaintiff could perform jobs that exist in significant number in the economy, however, the ALJ found that Plaintiff was not disabled beginning on October 1, 2005.

(Report & Recommendation 9–10, ECF No. 17.)

In his statement of errors, Plaintiff maintained that the ALJ committed three errors. Specifically, Plaintiff contended that substantial evidence did not support the ALJ's finding of medical improvement; that the ALJ erred in finding that Plaintiff's complaints of pain were not credible; and that the ALJ did not properly evaluate the opinion evidence of two treating physicians, Drs. Sybert and Merrill, both of whom made statements indicating that Plaintiff was disabled.

The Commissioner filed a Memorandum in Opposition to Plaintiff's Statement of Errors. (*See generally*, Mem. Opp'n., ECF No. 14.)  Specifically, the Commissioner maintained that substantial evidence supported the ALJ's medical improvement and credibility findings.  With respect to Plaintiff's treating physicians, the Commissioner contended that many of Dr. Sybert's findings supported the ALJ's decision.  (Mem. Opp'n 20, ECF No. 14).  As to Dr. Sybert's opinion that Plaintiff should seek disability, the Commissioner maintained, in part, that this opinion was a combined assessment of Plaintiff's educational and physical ability, and, therefore, was not inconsistent with the ALJ's findings.  (*Id.* at 21–23.)  The Commissioner also maintained that the ALJ did not commit reversible error with respect to Dr. Merrill's disability

2

opinion. Although the Commissioner admitted that the ALJ did not mention Dr. Merrill's disability opinions, he argued that the ALJ was not required to discuss Dr. Merrill's opinions because they involved medical improvement. (*Id.* at 23–24.) Furthermore, the Commissioner argued that the ALJ's failure to discuss Dr. Merrill's opinion was harmless error because Dr. Merrill's opinions were patently deficient and because the ALJ met the goal of the relevant regulation. (*Id.* at 24–26.)

On June 9, 2010, the undersigned issued a Report and Recommendation.[1] The undersigned found that substantial evidence did support the ALJ's medical improvement decision and conclusion that Plaintiff's pain complaints were not credible. Nevertheless, the undersigned ultimately recommended remand because the ALJ failed to give good reasons for rejecting the treating physician opinions of Drs. Sybert and Merrill. *See* 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.") Specifically, the Report and Recommendation stated:

> In determining that, after October 1, 2005 Plaintiff was not disabled, the ALJ failed to articulate the bases for rejecting Plaintiff's treating physicians' opinions and, therefore, failed to meet the reason-giving requirement. The ALJ's decision on Plaintiff's medical improvement and ability to work only briefly mention Dr. Sybert and the second surgery he performed. Although portions of Dr. Sybert's findings potentially support the ALJ decision, Dr. Sybert's disability judgment, as well as his performance of a second surgery, indicate that Plaintiff was still experiencing considerable pain after the closed period. Accordingly, the ALJ should have discussed the weight he gave to Dr. Sybert's opinions.
>
> Moreover, the ALJ's decision with respect to Plaintiff's ability to work does not mention Dr. Merrill or the weight the ALJ gave his medical opinions. The

---

[1] The Report and Recommendation provides a more thorough review of the facts and background of this case. (*See* Report & Recommendation 1–10, ECF No. 17.)

3

> omission is important because Dr. Merrill's judgments following physcial examinations of Plaintiff clearly conflict with the conclusions [of] the ALJ decision. Furthermore, although Dr. Merrill's examination notes are at times cursory in nature, they are based on his examination, observation, and treatment of Plaintiff's symptoms over a two year period, and, therefore, are not merely a repetition of Plaintiff's assertions. *Cf. Mitchell v. Comm'r of Soc. Sec.*, 330 Fed. Appx. 563, 570 (6th Cir. 2009) (holding that the good reason rule does not apply when a doctor "merely repeats the patient's assertions").
>
> Defendant points out that Dr. Sybert and Dr. Merrill's opinions addressed matters relating to Plaintiff's ability to work about which they have no expertise, and have made disability determinations even though that issue rests in the discretion of the Commissioner. Even though the ultimate determination of disability lies within the discretion of the ALJ, the ALJ made no attempt to explain the consideration or weight he gave to Dr. Sybert and Dr. Merrill's opinions. Instead, the ALJ decision selectively parsed Dr. Sybert's findings and failed to address Dr. Merrill's opinions altogether. See *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 Fed. Appx. 771, 777 (6th Cir. 2008) (finding remand appropriate where "the judge was selective in parsing the various medical reports and simply failed altogether to address the findings of [the treating physician]"). Accordingly, the undersigned finds that the ALJ erred by failing to articulate good reasons for discounting and/or dismissing the opinions of Plaintiff's treating physicians.

(Report & Recommendation 18–20, ECF No. 17.)

Additionally, the Report and Recommendation described why the ALJ's failure to give good-reason was not harmless error:

> In [*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004)], the United States Court of Appeals for the Sixth Circuit remanded the ALJ decision for failure to comply with the good-reason rule. 378 F.3d at 550. Although it did not actually decide the issue, the *Wilson* Court opened the door for considerations of whether a violation of the good-reason requirement was harmless error. *See id.* at 547–48. Specifically, *Wilson* considered that certain situations might lead to harmless error including "if a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it . . . [or if] the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation." *Wilson*, 378 F.3d at 547.
>
> . . .
>
> Defendant contends that Dr. Merrill's opinion was patently deficient because it was at odds with other opinions in the record and he was not applying appropriate

4

> disability standards. (Def.'s Mem. in Opp'n 25–26.) Nevertheless, the *Wilson* Court set a high threshold for the Commissioner to meet for this type of argument when it contemplated application of the harmless error doctrine. Specifically, the Court concluded that harmless error might apply under a patently deficient rationale if "the Commissioner *could not possibly* credit [the opinion] . . ." *Wilson*, 378 F.3d at 547 (emphasis added). In this case, Dr. Merrill's opinions were based on approximately two years of patient examinations and his ongoing relationship with Plaintiff as his primary medical provider. Furthermore, other portions of the record support a finding that Plaintiff was experiencing pain. Dr. Merrill's assessments were based in large part on Plaintiff's symptoms and complaints of pain. Accordingly, any conclusion that the ALJ could not possibly credit Dr. Merrill's opinions has no merit.
>
> Furthermore, it is not clear that the ALJ satisfied the goal of the procedural requirement in this case. Defendant asserts that the ALJ indirectly attacked Dr. Merrill's opinion by concluding that Plaintiff was not disabled. Certainly this is one explanation. Yet, another explanation exists, namely that the ALJ simply overlooked the opinions of Dr. Sybert and Dr. Merrill. The point here is that the matter is altogether unclear because the ALJ failed to provide any insight into his reasoning. Because the ALJ's analysis contains only passing references to Dr. Sybert, and no reference to Dr. Merrill or his opinions, the undersigned cannot determine whether the ALJ intended to indirectly attack their opinions. *See Bowen*, 478 F.3d at 749 ("[T]here is not even a passing reference to [the treating physician's] opinion in the ALJ's decision that allows us to infer that the ALJ intended to indirectly attack it."). Thus, Defendant has failed to establish that this is one of the rare cases where failure to satisfy the good-reason requirement is harmless error.

(Report & Recommendation 20–22, ECF No. 17.) The parties did not object to the Report and Recommendation, and the Court adopted it on July 8, 2010.

## II. STANDARD OF REVIEW

Pursuant to the EAJA, the Court must award fees and expenses to a party which prevails against the United States in a civil action, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The United States Court of Appeals for the Sixth Circuit has noted the following with respect to determinations under the EAJA:

5

> The EAJA thus reduces to four requirements: (1) that the fee applicant be a prevailing party; (2) that the government's position not be substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee applicant file the requisite application within thirty days of final judgment. *Comm'r, INS v. Jean*, 496 U.S. 154, 158, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

*Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007).

The Supreme Court has determined that substantially justified means "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted).  In other terms, the Commissioner's position must have a "reasonable basis both in law and fact."  *See id.*; *see also Noble v. Barnhart*, 230 Fed. Appx. 517, 519 (6th Cir. 2007) ("[T]he position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.")  "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness."  *Jean*, 496 U.S. at 158 n.6 (quoting *Pierce*, 487 U.S. at 565–66).

The Commissioner "bears the burden of demonstrating that its position was substantially justified."  *Pickering v. Mukasey*, 306 Fed. Appx. 246, 248 (6th Cir. 2009) (*E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir.1999)).  Nevertheless, "[t]here is no presumption that the government's position is not substantially justified simply because the government loses its case."  *Elfelt v. United States*, 149 Fed. Appx. 402, 409 (6th Cir. 2005); *see also Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir.2004) ("The fact that [the Court] found that the Commissioner's position was unsupported by substantial evidence does not foreclose the possibility that the position was substantially justified.").  "The government's 'position' comprehends both its underlying action and its litigation position." *Pickering*, 306 Fed. Appx. at

248; *see also Jean*, 496 U.S. at 161–62 ("While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items.").

### III.  ANALYSIS

This matter revolves around the issue of whether the Commissioner's position in this case was substantially justified.  As noted above, the undersigned's Report and Recommendation agreed with the Commissioner that substantial evidence supported the ALJ's medical improvement and credibility determinations.  Nevertheless, the Court remanded the case because the ALJ failed to articulate good reasons for rejecting the opinions of Drs. Sybert and Merrill, Plaintiff's treating physicians.

The Commissioner's regulations clearly provide "we always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."  20 C.F.R. § 404.1527(d)(2).  The United States Court of Appeals for the Sixth Circuit has emphasized the importance of this procedural requirement.  *Wilson*, 378 F.3d at 545 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir.2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion . . . .").  Furthermore, even when a treating physician renders an opinion on an issue reserved to the Commissioner, the ALJ must still "'explain the consideration given to the treating source's opinion(s).'"  *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007) (quoting SSR 96-5: Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, 61 Fed. Reg. 34471, 34474 (Soc. Sec. Admin. July 2, 1996)).  Nevertheless, the Sixth Circuit has left at least some room for considering whether failure to give

good-reasons constitutes harmless error. *Wilson*, 378 F.3d at 547 (indicating, without deciding, that a violation of the treating physician rule could constitute harmless error if the relevant opinion is patently deficient; if the ALJ's decision is consistent with that opinion; or if the ALJ has met the goal of the regulation without meeting its exact terms).

Many courts, including this Court and others within the Sixth Circuit, have considered the issue of substantial justification in similar "good-reason rule" contexts, although with varying reasoning and results. *See, e.g.*, *Hawke v. Astrue*, No. 3:07-cv-108, 2009 WL 961783, at *3 (S.D. Ohio Apr. 8, 2009) (holding that Commissioner was not substantially justified when ALJ failed to provide good-reasons even though other evidence of record potentially supported the ALJ); *Fisk v. Astrue,* No. 3:05-cv-145, 2009 WL 161335, at *3 (S.D. Ohio Jan. 22, 2009) ("[T]he Commissioner's present contention that the ALJ's error was primarily one of articulation does not show that the Commissioner's support for the ALJ was reasonably based in law or fact."); *Walker v. Astrue*, No. 3:08-CV-151, 2010 WL 925787, at *3 (E.D. Tenn. Mar. 8, 2010) (finding that, when an ALJ fails to provide good-reasons, "the Commissioner lacks substantial justification to defend the ALJ's decision unless he can reasonably argue under the applicable case law that the procedural error was harmless"); *Saal v. Comm'r of Soc. Sec. Admin.*, No. 1:08-cv-347, 2010 WL 2757554, at *3 (W.D. Mich. June 24, 2010) ("The ALJ's failure to articulate his reasoning with respect to this issue does not, in and of itself, establish that there was no reasonable basis for the ALJ's decision to deny benefits . . . . This is not a case where the claimant presented overwhelming proof of disability."); *Brunel v. Comm'r, Soc. Sec. Admin.*, 2000 WL 1815946, at *2 (1st Cir. 2000) (unpublished decision) (holding, when Commissioner had failed to provide good-reason, "[w]e cannot deem such disregard for the Commissioner's

own guidelines substantially justified.").

Under the circumstances of this case, the undersigned finds that the Commissioner's position was substantially justified. Specifically, in contrast to many of the cases listed above, the Commissioner's stance here had a reasonable basis in law and fact to the extent he contended that the ALJ's failure to provide good-reason was harmless error. First, with regard to Dr. Sybert, the Commissioner maintained that Dr. Sybert's opinion was not inconsistent with the ALJ's determination that Plaintiff was not disabled as of October 1, 2005. (Mem. Opp'n 21–22, ECF No. 14; Resp. Pet. Atty's fees 5–6, ECF No. 21.) The Commissioner emphasized that Dr. Sybert's opinion that Plaintiff should seek disability was not a strictly physical assessment, but instead was based on Plaintiff's lack of education and training. (*See* R. at 476.)

The undersigned found that the ALJ should have explicitly addressed Dr. Sybert's opinion because of the doctor's status as a treating physician, especially in light of Dr. Sybert's decision to perform a second back procedure on Plaintiff after the date of supposed medical improvement. (Report & Recommendation 18–19, ECF No. 17.) The Commissioner is correct, however, that Dr. Sybert's opinion regarding disability was based on a combination of physical and educational assessments. Furthermore, other portions of Drs. Sybert's findings support the ALJ's findings. Accordingly, the undersigned finds the Commissioner's position was reasonable in maintaining that Dr. Sybert's opinions were consistent with the ALJ's findings that Plaintiff could not perform his past work, but could perform light work. *See Wilson*, 378 F.3d at 547 ("There is also the possibility that if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such

9

weight is correspondingly irrelevant.")

The Commissioner's position with respect to Dr. Merrill is a closer call. In opposing Plaintiff's statement of errors, the Commissioner acknowledged that the ALJ failed to address Dr. Merrill's treating physician opinion. (Mem. Opp'n 24, ECF No. 14.) The Commissioner maintained, however, following dicta in *Wilson*, that the ALJ's failure to give good-reason was harmless error. (*Id.* at 24–26.) In addition to other less persuasive arguments, the Commissioner asserted that the ALJ's explanation of his decision satisfied the goal of the good-reason requirement even though it fell short of complying with the letter of the rule.[2] (*Id.* at 25.); *see also Wilson*, 378 F.3d at 547 ("Or perhaps a situation could arise where the Commissioner has met the goal of § 1527(d)(2)—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation."). Specifically, following the Sixth Circuit's post-*Wilson* opinions, the Commissioner contended that, by finding that Plaintiff could perform light work, the ALJ's opinion indirectly attacked Dr. Merrill's disability opinion. (Mem. Opp'n 25, ECF No. 14); *see Nelson v. Comm'r of Soc. Sec.*, 195 Fed. Appx. 462, 470 (6th Cir. 2006) (finding harmless error under *Wilson's* third category); *Hall v. Comm'r of Soc. Sec.*, 148 Fed. Appx. 456, 464 (6th Cir. 2005) (opining that an ALJ could meet the goal of providing good-reason by indirectly attacking the relevant opinion).

---

[2] In his opposition to the Statement of Errors, as well as Plaintiff's current Application for Attorney Fees, the Commissioner also maintained that Dr. Merrill's opinion was inapplicable to the area of medical improvement; Dr. Merrill's opinion was patently deficient; that remand would be an idle and useless formality; and that the Commissioner's position was reasonable because of the overall weight of the evidence supporting the ALJ's RFC. (*See* Mem. Opp'n 23–26, ECF No. 14; Resp. Pet. Atty's fees 6, ECF No. 21.) The Court finds that these contentions, at best, straddle the line between reasonable and unreasonable. Nevertheless, because the undersigned finds that Commissioner's position was reasonable with respect to *Wilson's* third harmless error category, it is unnecessary to address these alternative assertions.

In *Hall*, the United States Court of Appeals for the Sixth Circuit provided guidance as to how an ALJ could meet the goal of the good-reason requirement, but not the letter of the regulation. Specifically, *Hall* noted:

> As applied to this case, the ALJ could have met the goal of providing good reasons by either his analysis of [the treating physician's] other opinions or his analysis of [the claimant's] back problems in general. Such analyses would perhaps adequately address [the treating physician] opinion about [the claimant's] back pain by indirectly attacking the "supportability" of the doctor's opinion, § 404.1527(d)(3), or the "consistency" of his opinion with the record as a whole, § 404.1527(d)(4), both of which are grounds for rejecting a treating source opinion, see § 404.1527(d)(2).

148 Fed. Appx. at 464. In *Nelson*, the Sixth Circuit found that harmless error occurred under the third category of *Wilson*. 195 Fed. Appx. at 470. Following the reasoning of *Hall*, the *Nelson* Court found that the ALJ's decision indirectly attacked the relevant treating physician opinions. *Id.* Although the ALJ's decision only briefly mentioned the opinions of the claimant's treating physicians, the Court held:

> [T]he ALJ's discussion of the other record evidence about [the claimant's] mental impairments makes clear that the opinions of [the treating physicians] as to [the claimant's] limitations do not meet one of the two criteria for controlling weight: that the opinion be consistent with the other record evidence as a whole.

*Id.* at 470–71.

In the instant matter, the undersigned finds that the Commissioner's position, regarding the ALJ's failure to address Dr. Merrill's opinions, was reasonable under *Wilson's* third harmless error category. The Report and Recommendation found that the ALJ's failure to address Dr. Merrill's opinions was not harmless, because it was unclear whether the ALJ overlooked Dr. Merrill's opinions. (Report & Recommendation 21–22, ECF No. 17.) The ALJ's complete failure to mention Dr. Merrill's opinions was particularly troubling. (*Id.* at 22); *see also Bowen*

*v. Comm'r of Soc. Sec.*, 478 F.3d 742, 749 (6th Cir. 2007) ("This case is unlike *Nelson* because there is not even a passing reference to [the treating physician's] opinion in the ALJ's decision that allows us to infer that the ALJ intended to indirectly attack it."). Nevertheless, the Report and Recommendation did acknowledge that the Commissioner's "indirect attack" argument was one possible explanation of the ALJ's opinion. (*Id.* at 21.) Furthermore, much like the ALJ in *Nelson*, the ALJ in the instant case explored other significant medical evidence in the record, inconsistent with Dr. Merrill's opinions, in reaching the conclusion that Plaintiff could perform light work. (*See* R. at 20–22.) Because the circumstances in this case are somewhat similar to *Nelson*, the undersigned finds that the Commissioner's contention concerning Dr. Merrill was reasonably based in law and fact.

Accordingly, although the Court ultimately found the Commissioner's position unavailing, the undersigned concludes that the position was reasonable as to the ALJ's failure to provide good-reason for rejecting Plaintiff's treating physicians. Plaintiff, therefore, is not entitled to attorney's fees under the EAJA.

## IV.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (ECF No. 20).

## V. NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


December 16, 2010                                        /s/ *Elizabeth A. Preston Deavers*
                                                         Elizabeth A. Preston Deavers
                                                         United States Magistrate Judge